AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
SATORIA CHARI YOUNGBLOOD
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30604

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

continue on page 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 30, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**11-30604 USA V SATORIA CHARI YOUNGBLOOD**                                    **PAGE 2**

Defendant is a 28 year old fugitive from the State of Utah, where she was recently arrested for prostitution and money laundering. She pled guilty to commercial sex and was sentenced to 1 year jail time (suspended) and placed on two years of probation (9/12/2011). Her probation officer, Mr. Todd Carter, has confirmed that Defendant is now a fugitive from that jurisdiction. A condition of her bond was that she was not to leave the state of Utah. On November 3, 2011 Officer Carter went to the address which she gave as her home address in Utah only to discover that she was not living there. We now know that Defendant had already left Utah and was back in Michigan without any notice to her supervising officer. Contrary to Defendant's assertion, Officer Carter has affirmatively stated that Defendant never requested that her supervision be transferred to the State of Michigan. Defendant's fiancee is her co-defendant in the Utah case.

Defendant is charged by way of complaint in the instant matter with Receiving or Distributing Material Containing Child Pornography, By Any Means, Including Computer, in Interstate Commerce. The facts in the complaint also allege that she employed an underage minor girl as a prostitute, and that Defendant skimmed 40% of the underage victim's proceeds off the top for Defendant's own remuneration.

Defendant's criminal record includes the above-mentioned 2011 conviction for prostitution in Utah. On 4/21/2008 Defendant pled guilty to Felony Uttering and Publishing and Attempt Felony Uttering and Publishing in Lansing, Michigan and was sentenced to 2 years and 6 months probation. Defendant violated her probation and was ultimately discharged without improvement on 8/31/10.

On 10/16/2009 Defendant was arrested for Prostitution/Soliciting in Chicago, Illinois and was released on bond on 10/20/2009. However Defendant forfeited the bond and a warrant was issued. Defendant was then picked up and arrested under an alias name and date of birth (Sartoria C. Young, 10/15/1984).

Defendant requests a bond and seeks to be released to the third party custody of her fiancee who lives in Hamtramck. Defendant's fiancee is her co-defendant in the Utah case, where they are both on bond. Defendant's conditions of bond restricted her from leaving the state of Utah, but notwithstanding the fact that she is currently a fugitive from Utah, she asks the court to allow her to live with her fiancee in this District while she awaits trial on the instant federal charges. Under the circumstances, Defendant's fiancee would not be an appropriate 3rd party custodian. And under the circumstances, Defendant is not a candidate for a bond with conditions.

According to Defendant's criminal record, she has had six warrants issued in as many years (2005-2011). In 2005 she violated her probation and was discharged without improvement. In 2009 her bond was forfeited and a warrant was issued. In 2011 she became a fugitive from the State of Utah on prostitution charges. Although Defendant appeared voluntarily in federal court to face the instant charges, she has a history of failing to appear and is currently in non-compliance status wit two courts: Illinois (bond forfeited) and Utah (probation fugitive).

11-30604 USA V SATORIA CHARI YOUNGBLOOD                    PAGE 3

Additionally Defendant has been arrested under an alias name and date of birth.

She has given information to the pretrial services officer which was refuted by her grandmother regarding her place of residence and the custody of her children. Defendant reports that she does not have a good relationship with her mother and that her father is incarcerated. He three sons are with their grandparents in Washington D.C., and her daughter is in the custody of her grandmother in Flint, Mrs. Richards, who reports that Defendant does not have custody of any of her four children. Defendant has a warrant out of the City of Flint for Civil Neglect of Child, Non Support Arrearage in the amount of $9078.00.

Defendant admits to a daily marijuana habit, (two marijuana cigarettes daily), and she tested positive for marijuana.

Defendant's employment is not verified, but she claims to work for Vivid Entertainment, promoting adult films. She also claims to be self employed by a company called "True Elements", working in a marketing capacity, earning $800 monthly.

For all of the reasons stated above, Defendant poses a risk of flight by a preponderance of the evidence. She also poses a danger to the community based upon the serious nature of the instant charges. There is no condition or combination of conditions which would reasonably assure the Defendant's appearance in court or the safety of the community. Therefore, Detention is Ordered.

